# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE HUGHES<br>5151 Morning Song Drive<br>Medina, OH 44256<br><br>    Plaintiff,<br><br>    vs.<br><br>PRIME WOOD CRAFT INC.<br>c/o Statutory Agent<br>Robert Campbell<br>563 Bronson Street<br>Medina, OH 44256<br><br>    and<br><br>NORTHWEST PALLET SERVICES LLC<br>c/o Statutory Agent Incorp Services, Inc.<br>9435 Waterstone Boulevard Suite 140<br>Cincinnati, OH 45249<br><br>    and<br><br>SUPPLYSIDEUSA INC.<br>c/o Statutory Agent<br>Ijaz H. Shah<br>3527 Robertburns Dr.<br>Richfield, OH 44286<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Michelle Hughes, by and through counsel, and for her Complaint against Prime Wood Craft Inc., Northwest Pallet Services LLC, and SupplySideUSA Inc. ("Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours

she worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Medina County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant Prime Wood Craft Inc. was a domestic for-profit corporation, organized and existing under the laws of the State of Ohio, with a physical location at 1120 W. 130th Street, Brunswick, Ohio 44212.

8. In or around September 2019, Defendant Prime Wood Craft Inc. merged with Northwest Pallet Services LLC.

9. At all times relevant herein, Defendant Northwest Pallet Services, LLC was a foreign limited liability corporation, organized and existing under the laws of the State of Delaware, and licensed to conduct business in the State of Ohio.

10. At all times relevant herein, Defendant SupplySideUSA Inc. was a domestic for-profit corporation, organized and existing under the laws of the State of Ohio, with a physical location at 1120 W. 130th Street, Brunswick, Ohio 44212.

11. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

12. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

15. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

16. Defendant Prime Wood Craft Inc. manufactures and recycles wooden pallets for its customers.

17. Defendant Northwest Pallet Services, LLC manufactures, repairs, and recycles wooded pallets for its customers.

18. Defendant SupplySideUSA Inc. supplies its customers with packaging, shipping, moving and storage products.

19. Plaintiff was employed by Defendant as a customer service representative between December 2016 and April 2019.

20. While employed by Defendants, Plaintiff handled all aspects of her assigned accounts including customer complaints, quality control issues, and various aspects of ordering and returns.

21. As a customer service representative, Plaintiff was responsible for handling issues with national accounts and Defendants required her to be on call 24 hours per day to answer phone calls and emails.

22. Defendants required Plaintiff to answer phone calls and emails on days that she was not in the office.

23. While employed by Defendants, Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of Defendants.

24. While employed by Defendants, Plaintiff: was not involved in the interview process; did not have the authority to hire or fire employees; did not discipline other employees; did not have the authority to recommend that a candidate be hired or fired; did not have any input into the salary or wages of other employees; did not make suggestions as to the advancement, promotion, or other change in status of other employees; did not direct employees where to work; did not have any involvement in planning or controlling the budget; and did not set employee work schedules.

25. Defendants classified Plaintiff as an "exempt" employee.

26. Defendants paid Plaintiff on a salary wage.

27. Defendants deducted Plaintiff's wages for coming in late, working less than 40 hours in a week, and/or when she took time off for personal matters.

28. Plaintiff regularly worked over 40 hours per workweek and regularly worked off-the-clock. Plaintiff estimates that she worked on average approximately 45-70 hours per workweek.

29. Defendant failed to pay Plaintiff overtime compensation for the hours she worked over 40 each workweek.

30. Defendants had knowledge that Plaintiff worked more than 40 hours per week and was working off-the-clock as they informed Plaintiff that she was required to answer phone calls and emails even when she had the day off.

31. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours she worked.

**(Failure to Keep Accurate Records)**

32. Upon information and belief, Defendants failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff.

## COUNT ONE
**(Fair Labor Standards Act Overtime Violations)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendants' practice and policy of misclassifying Plaintiff as "exempt" violated the FLSA, 29 U.S.C. § 213(a)(1).

35. Defendants' practice and policy of deducting Plaintiff's pay for coming in late, working less than 40 hours in a week, and/or when she took time off for personal matters. violated the FLSA, 29 CFR § 541.602.

36. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

37. Defendants' failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 C.F.R. § 516.2(a)(7).

38. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

39. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the FLSA.

**COUNT TWO**
**(OMFWSA Overtime Violations)**

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Defendants' practice of misclassifying Plaintiff as an "exempt" worker violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

42. deducting Plaintiff's pay for coming in late, working less than 40 hours in a week, and/or when she took time off for personal matters. violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

43. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

44. Defendants' failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the OMFWSA, R.C. § 4111.08.

45. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

46. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ *Hans A. Nilges*
Hans A. Nilges (0076017)
NILGES DRAHER LLC
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone:   (330) 470-4428
Fax:         (330) 754-1430
Email:       hans@ohlaborlaw.com

        Robi J. Baishnab (0086195)
        34 N. High St., Ste. 502
        Columbus, OH 43215
        Telephone:    (614) 824-5770
        Facsimile:     (330) 754-1430
        Email: rbaishnab@ohlaborlaw.com

        Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

        /s/ *Hans A. Nilges*
        One of the Attorneys for Plaintiff